UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

          -against-

JOSHUA QUAZAIN ROBINSON,

          Defendant.

**MEMORANDUM & ORDER**
10-CR-789 (NGG) (S-3)

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Joshua Quazain Robinson brings this *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Robinson contends that the unforeseen threat of the COVID-19 pandemic poses extraordinary risks to his health and creates extraordinary and compelling circumstances that warrant his early release to complete the remainder of his sentence in home confinement. For the reasons set forth below, Robinson's motion for compassionate release is DENIED without prejudice.

## I. BACKGROUND

On November 8, 2010, Joshua Quazain Robinson was arrested, in connection with an investigation into an international drug trafficking organization, for purchasing heroin and cocaine for distribution and trafficking. (Presentence Investigation Report ("PSR") at 4-6.) (Exhibit A.) On April 19, 2012, Robinson pleaded guilty to conspiring, together with others, to distribute and possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(i). (*Id.* at 4; Plea Hearing (Dkt. 79).) The PSR stated that Robinson was accountable for nine kilograms of cocaine and three kilograms of heroin, which has a drug equivalency of 4,800 kilograms of marijuana based on the United States Sentencing Guidelines ("Guidelines")

1

§ 2D1.1 and Drug Equivalency Tables. (PSR at 7.) The PSR for Robinson's initial sentencing found that his total adjusted offense level was 31 with criminal a history category of IV, for what was then a Guidelines range of 151 to 188 months of custody. (*Id.* at 19.) Robinson was initially sentenced by this court on December 14, 2012, to 188 months of confinement followed by five years of supervised release. (Judgment (Dkt. 114).) On February 28, 2019, this court granted Defendant's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the Guidelines. (Order Reducing Sentence (Dkt. 187).) Amendment 782 had, in the time since Robinson's original sentencing, lowered Robinson's total adjusted Guidelines offense level to 29. (Gov't Opp'n to Mot. ("Gov't Opp.") (Dkt. 197) at 2.) This court reduced his sentence to 121 months, the bottom end of the applicable Guidelines range of 121 to 151 months. (*Id.* at 2; Order Reducing Sentence (Dkt. 187).) Robinson has served approximately 46 months of his sentence in FCI Ray Brook with 75 months remaining. His estimated date of release is March 3, 2029.[1] (Gov't Opp. at 3.)

On June 21, 2022, Robinson moved for compassionate release under § 3582(c)(1)(A)(i) and the First Step Act of 2018, arguing that the unforeseen threat of the COVID-19 pandemic poses extraordinary risks to his health at his age of 42 years and creates extraordinary and compelling circumstances that warrant permitting him to finish his sentence under home confinement. (*See* PSR at 2.; Mot. for Compassionate Release ("Mot.") (Dkt. 195) at 1.) He also contends that circumstances related to his character and rehabilitation, along with unwarranted sentence discrepancies among his co-defendants, establish extraordinary and compelling reasons and weigh in favor of his release under

---

[1] Robinson has been detained since November 8, 2010. However, he has spent periods of that time in state custody for unrelated charges. (Gov't Opp. at 3 n.1.)

2

18 U.S.C. § 3553(a). (*See id.* at 1, 16-17.) The Government responded in opposition on July 18, 2022, arguing that Robinson had failed to show exhaustion of his administrative remedies as required by § 3582(c)(1)(A), had not demonstrated extraordinary and compelling reasons for release, and that the factors set forth in § 3553(a) weighed against his release. (*See generally* Gov't Opp.) Robinson replied to the Government's opposition on October 17, 2022. (*See* Def. Reply ("Reply") (Dkt. 199).)

## II. DISCUSSION

§ 3582(c)(1)(A) as amended by the First Step Act of 2018 allows courts to reduce a defendant's sentence upon motion of either the Director of the Bureau of Prisons or the defendant. § 3582(c)(1)(A). Although often colloquially referred to as the "compassionate release" statute, this Section actually pertains to sentence reductions of any length, up to and including immediate release. *Reynolds v. United States*, No. 99-CR-520 (NGG), 2022 WL 1444167, at *4 (E.D.N.Y. May 6, 2022); *see also United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). A district court may reduce the defendant's sentence upon motion of the defendant once the defendant exhausts the available Bureau of Prisons ("BOP") administrative remedies, where (1) extraordinary and compelling reasons warrant such a reduction and (2) the applicable factors set forth in section § 3553(a) weigh in favor of said reduction. § 3582(c)(1)(A).

If the court finds that any one of these conditions—administrative exhaustion, satisfaction of the § 3553(a) factors, and extraordinary and compelling reasons—are not met, it need not address the others. *See United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021). District courts may, however, analyze the remaining factors to aid a superior court's appellate review. *See United States v. Jones*, 17 F.4th 371, 374-75 (2d Cir. 2021). And, "district courts have broad discretion in deciding whether to grant or deny a motion for sentence reduction." *United States v. Antney*, No. 17-

3

CR-229 (CBA), 2021 WL 4502478, at *1 (E.D.N.Y. Sept. 30, 2021) (*citing Brooker*, 976 F.3d at 237).[2] The court discusses administrative exhaustion as well as the two substantive requirements in turn below.

### A. Exhaustion of Administrative Remedies

#### 1. Legal Framework

A defendant may bring a motion pursuant to § 3582(c)(1)(a) "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). "A defendant seeking compassionate release should include evidence of compliance with the First Step Act's mandatory administrative exhaustion requirement," such as documentation of the request submission with his or her motion. *United States v. Friedlander*, No. 20-CR-441 (JS), 2022 WL 2305370, at *3 (E.D.N.Y. June 24, 2022).[3]

---

[2] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted, and all alterations are adopted.

[3] The court notes that there is ample case law within the circuit detailing what kinds of evidence of exhaustion are and are not thought of as sufficient in the compassionate release context. *See e.g.*, *United States v. Daley*, No. 89-CR-229 (JS), 2021 WL 327620, at *1 (E.D.N.Y. Feb. 1, 2021) ("Apart from Defendant's uncorroborated representation, there is no evidence that Defendant made his compassionate release request to the warden, or otherwise began the process of seeking administrative relief, as is statutorily required."); *United States v. Martinez*, No. 03-CR-1049 (NGG), 2022 WL 3019833, at *3 (E.D.N.Y. July 29, 2022) (accepting a copy of defendant's "request for compassionate release" with a specific date, and the "Warden's denial of that request" as sufficient evidence); *United States v. Sosa*, No. 18-CR-229 (VM), 2020 WL 4252683, at *1 (S.D.N.Y. July 24, 2020) (noting that the Defendant may "renew his [m]otion if he attaches documentation proving his satisfaction of the exhaustion requirements"); *United States v. Mathis*, No. 02-CR-891 (ARR), 2020 WL 550645, at *1

"A defendant's failure to exhaust administrative remedies is a threshold matter preventing the [c]ourt from considering a Section 3582 application." *United States v. Alvarez*, No. 89-CR-229 (JS), 2020 WL 4904586, at *2 (E.D.N.Y. Aug. 20, 2020).

The Second Circuit has held the administrative exhaustion requirement of § 3582(c)(1)(A) to be a mandatory claim-processing rule rather than a jurisdictional one, stating that the government may therefore waive or forfeit the requirement. *United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021). But it has not explicitly decided whether the administrative exhaustion requirement of § 3582(c)(1)(A) is waivable by *courts*, though it has construed exhaustion requirements under other statutes as so waivable. *See Washington v. Barr*, 925 F.3d 109, 118-19 (2d Cir. 2019). Some district courts within the circuit have waived § 3582(c)(1)(A)'s exhaustion requirement in contexts where exhaustion would be futile, incapable of granting adequate relief, or result in undue prejudice, construing the Second Circuit's holding in *Washington v. Barr* as applicable to the compassionate release context. *See United States v. Fragoso*, No. 18-CR-179 (JMA), 2021 WL 5205633, at *2 (E.D.N.Y. Nov. 9, 2021) (recognizing the *Washington v. Barr* waivers as applicable to § 3582(c)(1)(A)); *United States v. Sawicz*, 453 F. Supp. 3d 601, 604 (E.D.N.Y. 2020) (holding that a COVID-19 outbreak at defendant's facility combined with defendant's high-risk of suffering severe complications from the virus justified waiver). Others have refrained from doing so, finding the exceptions to be inapplicable. *See Alvarez*, 2020 WL 4904586, at *2 (concluding

---

(E.D.N.Y. Feb. 4, 2020) (denying a motion for compassionate release under § 3582(c)(1)(A) where no documentation showing administrative exhaustion was provided); *United States v. Bolino*, No. 06-CR-0806 (BMC), 2020 WL 32461, at *1-2 (E.D.N.Y. Jan. 2, 2020) (suggesting that sufficient proof that the administrative exhaustion requirement has been met might include "the warden's denial, proof of an appeal, or the BOP's final agency action").

5

no waiver where "there are not time constraints that would render exhaustion futile"). In this latter vein, some courts in the circuit have strictly enforced the exhaustion requirement of § 3582(c)(1)(A) regardless of whether the above-mentioned waiver requirements may have been met. *See, e.g., United States v. Roberts*, No. 18-CR-528 (JMF), __ F. Supp. 3d __, 2020 WL 1700032, at *2 (S.D.N.Y. Apr. 8, 2020).

2. Application

Robinson asserts that he submitted a request to the warden of FCI Ray Brook and that 30 days lapsed without response, satisfying his exhaustion requirement. (Mot. at 13; Reply at 2.) The Government counters that the BOP has no record of any such request and disputes that Robinson exhausted his administrative remedies. (Gov't Opp. at 5.) Robinson has provided neither documentation of his request submission to the BOP nor specific information regarding the date of his submission for review. (*See generally* Mot.; Reply.)

Although Robinson does not put forth an explicit request for administrative exhaustion to be waived, this court, in the interest of justice, assesses whether waiver might be appropriate given the facts at bar. The court finds, however, that no exceptional or urgent circumstances have been presented by Robinson to indicate that a bona fide attempt to exhaust his administrative requirements would be futile, incapable of granting adequate relief, or result in undue prejudice and thus justify waiver. Aside from referencing the general ongoing COVID-19 pandemic and that FCI Ray Brook is ill-equipped to contain it, (Mot. at 1), Robinson has not provided any facts about the conditions of his confinement that make him urgently or highly susceptible to infection from COVID-19. It thus appears unlikely that the virus poses a sufficiently serious immediate health risk to Robinson to qualify him for waiver. Even if this court were to find that the administrative

6

exhaustion requirement of § 3582(c)(1)(A) is waivable, exhaustion would not be waived on the instant facts.

As the court cannot at present verify that Robinson has exhausted his administrative remedies, the court holds that he has not satisfied this requirement. The court also finds that sufficiently exceptional circumstances do not exist to warrant waiving the statutory exhaustion requirement. Therefore, Robinson's motion is DENIED. Furthermore, for the reasons set forth below, it would not be proper to grant compassionate release even if the court were to waive exhaustion.

### B. Extraordinary and Compelling Reasons

#### 1. Legal Framework

In determining whether to grant compassionate release, courts are "free[] . . . to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them." *Brooker*, 976 F.3d at 237; *see also Martinez*, 2022 WL 3019833, at *2. Courts may but are no longer required to consider the Sentencing Commission's standard for what should be considered extraordinary and compelling reasons for a sentence reduction, set forth by 28 U.S.C. § 944(t) and Guidelines § 1B1.13. *See Martinez*, 2022 WL 3019833, at *3. Rehabilitation cannot, however, constitute a sufficiently extraordinary and compelling reason in its own right. § 944(t); *see also Martinez*, 2022 WL 3019833, at *2 (citing *Brooker*, 976 F.3d at 237-38); *Reynolds*, 2022 WL 1444167, at *4.

#### 2. Application

Even assuming, *arguendo*, that Robinson has adequately exhausted his administrative remedies, he has not provided sufficiently extraordinary and compelling reasons to be eligible for release. Throughout the pandemic, courts have diverged on how heavily confinement during COVID-19 should weigh in this analysis. *Compare United States v. Lora*, 16-CR-44-5 (KPF), 2022

WL 1055749, at *5 (S.D.N.Y. Apr. 8, 2022) (noting that pandemic-induced conditions of confinement may constitute extraordinary and compelling reasons warranting release for defendants who "have (i) served long sentences and (ii) been detained for the entirety of the pandemic") *and Reynolds*, 2022 WL 1444167, at *4 (holding that the risk of severe health consequences from COVID-19 was a relevant factor weighing in favor of sentence reduction for a defendant without a medical condition), *with Friedlander*, 2022 WL 2305370, at *3 (finding that defendant did not present any extraordinary and compelling reason where he did not show an increased risk of contracting COVID-19 or identify any associated risk factor).

Robinson has been confined since November of 2010—albeit in state custody on unrelated charges for much of that time—and throughout the entirety of the pandemic. Although pandemic surges, lockdowns, and restrictions have likely brought about more punitive conditions for Robinson's confinement than those intended or anticipated by the court at the time of sentencing, Robinson did not provide any specific facts relating to these conditions for the court's consideration. He merely states that his age is "advanced," the ongoing COVID-19 pandemic "poses extraordinary risks to [his] health," and FCI Ray Brook is "ill-equipped to contain the pandemic and prevent [it] from becoming a de facto death sentence." (Mot. at 1.) These conclusory claims do not, without supporting evidence, rise to the level of extraordinary and compelling circumstances.[4] *See Martinez*, 2022 WL

---

[4] In determining whether health risks or the conditions of confinement constitute extraordinary and compelling reasons for release, the court would typically consider evidence demonstrating that a defendant is particularly vulnerable to death or other complications from COVID-19 due to age or underlying medical conditions, highlighting other health conditions that prevent the defendant from engaging in day-to-day activities, indicating the presence of outbreaks/high infection rates and rapid rates of spread

3019833, at *3 ("[G]eneralized COVID-19 concerns are not regarded as extraordinary and compelling reasons for compassionate release.") Currently, BOP operations at FCI Ray Brook are at the moderate level, with one active inmate case and two active staff cases as of November 10, 2022.[5] It thus does not appear that Robinson is at heightened risk for contracting COVID-19, nor does his age or any underlying medical condition indicate that he would be high-risk for serious illness from COVID-19.

Robinson also asks the court to deem "case-specific circumstances related to [his] character" and his progress on rehabilitation since his sentencing extraordinary and compelling reasons for his release. (Mot. at 16-17; Reply at 3.) But he does not provide a description of his specific rehabilitative efforts beyond simply stating that he has changed, and that this personal growth should weigh against his past crimes.[6] (*See* Mot. at 24; Reply at 3.)

Finally, Robinson argues that he was, at sentencing, held accountable for an improperly high drug weight and that this in and of itself constitutes an extraordinary and compelling reason for his release. (Mot. at 22-23.) But a challenge to the propriety

---

at the place of confinement, or revealing the failure of the custodial facility to provide adequate medical care.

[5] Federal Bureau of Prisons, COVID-19 Inmate Test Information, https://www.bop.gov/coronavirus/;jsessionid=87EC368E8A76D31F7D1E1AE9F2FC6E51 (last visited Nov. 10, 2022) ("BOP Operational Level for a given institution is the community transmission rates, institution vaccination rates, and inmate patient COVID positivity rates.").

[6] In assessing purported rehabilitative progress, the court would typically consider letters from prison officials and fellow inmates, letters from family and/or friends attesting that the defendant has turned his or her life around in prison, prison records of educational and vocational coursework, prison employment, participation in courses regarding alternatives to violence, and/or lack of disciplinary incidents throughout the confinement.

of an imposed sentence is a matter for direct appeal. *See Alvarez*, 2020 WL 4904586, at *7 ("[A]pplications for compassionate relief are not vehicles for collaterally attacking the merits of a defendant's sentence[.]"). Regardless of its merits, this contention cannot appropriately be considered an extraordinary and compelling reason for release.

In light of Robinson's failure to provide any evidence that he is at high risk of serious illness from COVID-19 or anything more than conclusory statements regarding his confinement conditions and personal rehabilitation, Robinson has not demonstrated extraordinary and compelling reasons for a sentence reduction.

### C. § 3553(a) Factors

#### 1. Legal Framework

To grant compassionate release, a district court must, in addition to identifying extraordinary and compelling reasons for doing so, find that the necessary sentence reduction for release is warranted by the factors set forth in § 3553(a). § 3582(c)(1)(A); *see also Keitt*, 21 F.4th at 69 ("A finding of extraordinary and compelling reasons is necessary, but not sufficient, to *grant* a defendant's motion for compassionate release.") (emphasis in original). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," "to protect the public from further crimes by the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." § 3553(a)(1)-(2). A court must also consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," § 3553(a)(6); *see also Reynolds*, 2022 WL 1444167, at *6, but is

not required to consider disparities between co-defendants. *See United States v. Frias*, 521 F.3d 229, 236 (2d Cir. 2008); *United States v. Medina*, 607 F. App'x 60, 61 (2d Cir. 2015) ("[A] district court may—but is not required to—consider sentencing disparity among co-defendants under 18 U.S.C. § 3553(a)(6).").

### 2. Application

Here too, Robinson's motion fails. Even if the court had found extraordinary and compelling reasons to reduce Robinson's sentence, Robinson has not established that the applicable § 3553(a) factors weigh in favor of his immediate release. In particular, Robinson urges the court to consider unwarranted sentence disparities among defendants with similar records, specifically between himself and his co-defendants. (*See* Mot. at 13-15.) But § 3553(a)(6) requires consideration of sentencing disparities between similarly situated defendants more broadly, not specifically a comparison to sentences received by co-defendants. In any event, Robinson had a substantially more extensive criminal record than all but one of his co-defendants, Jarvis Webb, who had a lower total offense level than Robinson and received a downward variance from his guideline sentence for reasons specific to his particular circumstance. (Def. Jonathan Isidro Sanchez Statement of Reasons (Dkt. 72) at 1; Def. Luis Jonathan Sanchez Statement of Reasons (Dkt. 75) at 1; Def. Joshua Quazain Robinson Statement of Reasons (Dkt. 115) at 1; Def. Jose Abreu Statement of Reasons (Dkt. 128) at 1; Def. Jarvis Webb Statement of Reasons (Dkt. 158) at 1; Def. Luis Miguel Sanchez Statement of Reasons (Dkt. 165) at 1; Def. Juan Padilla Statement of Reasons (Dkt. 170) at 1.) Thus, Robinson was not similarly situated to any of his co-defendants. In terms of comparison to defendants generally, Robinson's current 121-month sentence falls at the bottom end of the applicable Guidelines range of 121 to 151 months; this does not suggest an

upward divergence from typical sentences nationwide for defendants of comparable offense levels and criminal histories.

An evaluation of other applicable § 3553 factors such as the "nature and circumstances of the offense and the history and characteristics of the defendant," in Robinson's circumstances also does not weigh in favor of immediate release. § 3553(a)(1). Robinson has a substantial criminal history that includes acts of violence, and his current offense involves serious drug trafficking violations. (*See* PSR at 9-14.) As discussed above, Robinson vaguely alludes to "case-specific circumstances related to [his] character" and "post-sentencing rehabilitation," which he argues warrant his release in light of the § 3553(a) factors. (Mot. at 16-17.) He states that he has changed while in prison, that his BOP record reflects he has not been violent while incarcerated, and that he is not a threat to public safety, (Reply at 3), but he does not provide verification of his non-violent BOP record or details of what rehabilitative progress he has made that outweighs his history and offense conduct. Robinson's present sentence, at the low end of the applicable Guidelines range, is also consistent with § 3553(a) as "sufficient, but not greater than necessary to comply" with § 3553(a)(2)'s purposes of sentencing. *See* § 3553(a).

Absent concrete evidence of specific rehabilitative strides, character-related facts, or details of how Robinson has progressed throughout his confinement, the court does not find that the § 3553(a) factors weigh in favor of release.

### III. CONCLUSION

Robinson did not provide an adequate showing of his exhaustion of administrative remedies to allow the court to rule on the merits of his motion. The court further notes that Robinson has neither demonstrated extraordinary and compelling reasons for release, nor convinced the court that the § 3553(a) factors weigh

in favor of reducing his sentence. Robinson may renew his motion with documentation of exhaustion of administrative remedies in compliance with § 3582(c)(1)(A), such as by including a copy of the request form he submitted to the warden at least 30 days prior without receiving a response.

For the foregoing reasons, Defendant Robinson's motion for compassionate release is DENIED without prejudice.

SO ORDERED.

Dated:   Brooklyn, New York
         November 14, 2022

                                              s/Nicholas G. Garaufis
                                              _____
                                              NICHOLAS G. GARAUFIS
                                              United States District Judge