UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────
UNITED STATES OF AMERICA,

    -against-

JOSHUA QUAZAIN ROBINSON,

         Defendant.
───────────────────────────────

MEMORANDUM & ORDER
10-CR-789 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Joshua Quazain Robinson's ("Robinson") request for credit for the time spent in state custody, which the Federal Bureau of Prisons considers a request for a retroactive designation of his federal sentence, making it concurrent to his state sentence. For the reasons set forth below, the court RECOMMENDS to the Federal Bureau of Prisons that it designate Robinson's federal sentence *nunc pro tunc* to run consecutively to his state sentence.

I. BACKGROUND

   A. State Court Proceedings

On June 5, 2010, Robinson engaged in a shootout in a crowded area of over 150 people by a waterfront walkway in Jersey City, New Jersey. (Presentence Investigation Report ("PSR") (Dkt. 208) ¶¶ 45, 53.) When officers from the Jersey City Police Department arrived at the scene, they observed Robinson and another individual firing at each other. (*Id* ¶ 45.) Although the officers demanded them to drop their weapons, neither one complied. (*Id.*) As the second individual started fleeing the scene, he pointed his gun at Robinson and pulled the trigger, which did not fire. (*Id.*) However, he eventually struck Robinson with a bullet in the left arm. (*Id.*) Robinson responded by firing several rounds and attempted to run away from the officers as well. (*Id.*) The officers subsequently subdued Robinson after he resisted arrest

by punching and kicking the officers. (*Id.*) The second individual fell into the water when he tried to run away by going over the fence. (*Id.* ¶ 46.) His body was later recovered. (*Id.* ¶ 45.) Robinson was placed into custody on the same day. (*Id.* ¶ 53.)

Robinson was later charged with, among other things, murder and resisting arrest in New Jersey Superior Court. (*Id.* ¶ 44.) After he was sentenced for his federal offense, which is further discussed below, he pleaded guilty to an amended charge of second-degree manslaughter under N.J.S.A. § 2C:11-4(b)(2). *See State v. Robinson*, No. A-1135-16T1, 2017 WL 5248413, at *1 (N.J. Super. Ct. App. Div. Nov. 13, 2017) (per curiam), *cert. denied*, 233 N.J. 293 (2018). On July 25, 2014, a New Jersey trial court judge sentenced Robinson to 10 years in prison. *Id.* at *2. Robinson had to serve eight and a half years of his state sentence before being considered for parole, and the State court judge ordered him "to serve the sentence consecutively to the federal sentence." *Id.*

### B. Federal Court Proceedings

The court assumes familiarity with the facts of Robinson's federal court proceedings as described in detail in this court's prior Order denying his motion for compassionate release. (*See* Mem. and Order dated 11/14/2022 ("Order Denying Compassionate Release") (Dkt. 200).) In short, on November 5, 2010, Robinson was transferred from the Hudson County Correctional Center in Kearney, New Jersey to federal custody on a writ of habeas corpus. (PSR ¶ 12.) Three days later, he was arrested for his federal offense, namely, purchasing heroin and cocaine for distribution and trafficking. (*Id.* ¶¶ 12-13.) On April 19, 2012, Robinson pleaded guilty to the lesser-included offense within Count Two of the Second Superseding Indictment, charging him with conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(i). (Plea Hr'g (Dkt. 79); Judgment (Dkt. 114) at 1.)

2

Thereafter, on November 28, 2012, this court sentenced Robinson to 188 months of imprisonment, later reduced to 121 months, (Order Reducing Sentence (Dkt. 187)),[1] followed by 5 years of supervised release. (Judgment at 2-3.) At that time, Robinson had not yet pleaded guilty in State court proceedings. *See Robinson*, 2017 WL 5248413, at *1 (recounting the exchange in plea proceeding mentioning Robinson's federal sentence). Therefore, the undersigned did not address, nor could he have addressed, whether Robinson's federal sentence should run concurrently or consecutively to his state sentence.

### C. Robinson's Pending Request

On September 5, 2024,[2] the court received a letter from the Federal Bureau of Prisons ("BOP"), informing the court that Robinson "has requested credit for time spent in service of a state sentence, which the Bureau of Prisons . . . considers a request for a retroactive designation," making his federal sentence run concurrently to his state sentence. (BOP Letter (Dkt. 210) at 1.) The letter also indicated that Robinson completed his state sentence on July 30, 2023, and "was released to the federal detainer to commence the service of his federal sentence." (*Id.* at 2.) The BOP asked the court for its position on whether Robinson's 121 months federal sentence should run concurrently or consecutively to his state sentence. (*Id.* at 2.) In response, the court directed the parties and the U.S. Probation Department (the "Probation Department") to advise the court of their positions regarding this issue. (Min. Entry dated 09/06/2024.)

---

[1] The court reduced Robinson's sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the Sentencing Guidelines. (*Id.*)

[2] Although the letter is dated August 29, 2024, it was not initially filed on this court's docket, and the court did not receive the letter until September 5, 2024.

3

The Probation Department filed a supplemental PSR, in which it also opined that "the sentence should be imposed to run consecutively to the state sentence, given that the state sentence stemmed from violent conduct that is unrelated [to] the conduct underlying the instant offense and that the state court has made clear its intention for the sentences to run consecutively." (Suppl. PSR (Dkt. 211) at 4.) Robinson asked the court to consider his post-offense conduct and "order the instant sentence run concurrently with the New Jersey sentence he has already completed." (Robinson Letter (Dkt. 212) at 2.) The Government agreed with the Probation Department, on different grounds, that the sentences should run consecutively to each other. (Gov't Letter (Dkt. 213) at 3-5.) According to the Government, Robinson's request is a request for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which "does not confer authority on federal courts to revisit other aspects of the federal sentence." (*Id.* at 4.)[3]

## II. DISCUSSION

### A. Legal Framework

"A district court's decision to impose a sentence concurrently or consecutively to an undischarged term of imprisonment is governed by 18 U.S.C. § 3584." *United States v. Vazquez*, 787 F. App'x 763, 765 (2d Cir. 2019) (summary order); *see also United States v. Brown*, 152 F. App'x 55, 57-58 (2d Cir. 2005) (same). The statute sets a default rule that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Section 3584, however, applies only where "multiple terms of

---

[3] In its letter, the Government cites authorities, including many out-of-circuit cases, that address the limitations of district courts' power in reducing sentences pursuant to 18 U.S.C. § 3582(c)(2), which is not at issue here. (*See, e.g., id.* at 4 (citing *United States v. Aguilar-Canche*, 835 F.3d 1012, 1017 (9th Cir. 2016) (noting that section 3582(c)(2)'s exception to sentencing finality is narrow in scope)).)

4

imprisonment are imposed on a defendant at the same time" or such defendant "is already subject to an undischarged term of imprisonment[.]" *Id.*; *McCarthy v. Doe*, 146 F.3d 118, 121-22 (2d Cir. 1998) (holding that "the presumption that terms of imprisonment imposed at different times run consecutively does not apply" where the defendant "was neither subjected to multiple terms of imprisonment at the same time nor was he already subject to his state sentence when his federal sentence was imposed"); *Evans v. Larkin*, 629 F. App'x 114, 115 (2d Cir. 2015) (summary order) (same).

District court judges also have discretion to order that a sentence run concurrently or consecutively with an *anticipated* state sentence. *Setser v. United States*, 566 U.S. 231, 236-37 (2012) (emphasis added). "[W]hen a defendant serves an initial state sentence and a subsequent . . . federal sentence," the district court or the BOP "decides whether he will receive credit for the time served in state custody." *United States v. McIntosh*, 753 F.3d 388, 395 (2d Cir. 2014) (per curiam) (quoting *Setser*, 566 U.S. at 241). Moreover, state sentencing court's determination that the state sentence should run concurrently or consecutively to the federal sentence "is not binding on federal authorities." *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005); *see also McCarthy*, 146 F.3d at 120-21 ("[A]lthough petitioner emphasizes the state court's designation of its sentence to run concurrently with petitioner's federal sentence, we note that the state court's intent is not binding on federal authorities.").

Relatedly, upon applications by defendants, courts within the Second Circuit have recommended to the BOP "that it retroactively designate federal sentences to run concurrently with state sentences." *See United States v. Lopez*, 22-1071-CR, 2023 WL 7146581, at *1 n.2 (2d Cir. Oct. 31, 2023) (summary order); *see also McIntosh*, 753 F.3d at 395 (affirming the district court's decision to abstain from recommending to state court that

5

sentences run consecutively even though it had the authority to do so); *United States v. Alvarez*, No. 9-CR-386 (DAB), 2015 WL 1851658, at *4 (S.D.N.Y. Apr. 17, 2015) (recommending to the BOP that 48 months of the defendant's 60-month federal sentence be retroactively designated to run concurrently to his state sentence); *United States v. Mulligan*, No. 8-CR-764 (NRB), 2014 WL 5768758, at *2 (S.D.N.Y. Nov. 4, 2014) (recommending that the BOP retroactively designate part of the petitioner's federal sentence to run concurrently to his state sentence, where state court ordered the state sentence to run consecutively to all other sentences).

When making recommendations to the BOP, district courts "take[] into account the BOP's relevant policy, which states that a designation for concurrent service of sentence will be made only when it is consistent with [the intent of the federal sentencing court or] the goals of the criminal justice system." *United States v. Fernandez*, No. 6-CR-484 (LAP), 2023 WL 8006268, at *3, 5 (S.D.N.Y. Nov. 16, 2023) (citing BOP Program Statement No. 5160.05(8), Designation of State Institution for Service of Federal Sentence, at 4 (2003)); *United States v. Benitez*, No. 98-CR-874 (LAP), 2009 WL 4857491, at *2 (S.D.N.Y. Dec. 11, 2009) (same). Factors set forth under 18 U.S.C. § 3553(a) provide helpful guidance in "determin[ing] the goals of the criminal justice system." *Fernandez*, 2023 WL 8006268, at *5. Ultimately, pursuant to 18 U.S.C. § 3621(b), the authority to make a *nunc pro tunc* designation lies with the BOP. *See id.* at *3; *see also United States v. Campbell*, No. 14-CR-231 (RA), 2024 WL 1521311, at *1 (S.D.N.Y. Apr. 5, 2024).

6

### B. Application

The court agrees with the Probation Department and the Government that Robinson's federal sentence should run consecutively to his state sentence.[4]

#### 1. Federal and State Sentences

As an initial matter, Robinson's federal and state sentences resulted from completely unrelated offenses. (*See* Order Denying Compassionate Release at 2 n.1, 8.) While this court imposed a sentence based on Robinson's drug offense, his state sentence was related to a violent crime that resulted in death. (*See* PSR ¶¶ 1, 45-46.) In his state court proceedings, Robinson pleaded guilty to a second-degree manslaughter charge under New Jersey law. *See Robinson*, 2017 WL 5248413, at *1. Here, before the undersigned, Robinson pleaded guilty to conspiracy to distribute heroin. (Judgment at 1.) As such, having determined that Robinson's federal and state sentences arise out of unrelated crimes, this court finds that consecutive sentences will better serve the goals of the criminal justice system.

Next, when the New Jersey court sentenced Robinson in 2014, that court was aware of Robinson's federal sentence. *See Robinson*, 2017 WL 5248413, at *2-3. Having full knowledge of Robinson's federal and state offenses, the State court ordered that his sentences should run consecutively. *Id.* at *2. While this court is not bound by the State court's decision, it respects and

---

[4] The Government characterizes Robinson's request as a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (Gov't Letter at 3-4.) The Government is wrong. Robinson did not move to reduce his sentence. (*See* Robinson Letter at 2 (asking the court to order the sentences to run concurrently); *see also* BOP Letter at 1 (informing the court that Robinson has requested credit for time spent in service of his state sentence).) However, the court acknowledges that Robinson's counsel anticipates filing a motion to reduce his sentence. (Robinson Letter at 1 n.1.) The court will address that motion when it is ripe for resolution.

agrees with the outcome. *See Abdul-Malik*, 403 F.3d at 75 (holding that federal authorities need not follow state court's determination as to simultaneous sentences); *see also Mulligan*, 2014 WL 5768758, at *2 (designating only a portion of the defendant's federal sentence to run concurrently to his state sentence to "preserve[] and respect[] the force of the [state] court's sentence, which was addressed to serious crimes wholly distinct from the federal crime").

In requesting that the court order his federal sentence to run concurrently with his state sentence, Robinson relies on the Supreme Court's decision in *Setser* and section 3584. (Robinson Letter at 1.) However, *Setser* is limited to instances where the federal court imposes a sentence "in anticipation of *forthcoming* state sentences." *Fernandez*, 2023 WL 8006268, at *5 (emphasis added). Here, Robinson has already satisfied his state sentence. (BOP Letter at 2; Suppl. PSR at 4; Robinson Letter at 2.) Therefore, *Setser* is not instructive. Similarly, section 3584 and its default rule that multiple terms of imprisonment imposed at different times run consecutively are inapposite "when a federal sentence is imposed before a state sentence, and the federal court is silent as to whether those sentences should be concurrent or consecutive." *Evans*, 629 F. App'x at 115; *see also McCarthy*, 146 F.3d at 121-22 (holding that section 3584 does not apply where the defendant was not subject to multiple terms of imprisonment at the same time and was not already subject to his state sentence when his federal sentence was imposed).

Robinson also asks the court to consider his post-offense conduct—lack of disciplinary incidents while in federal custody—when determining whether the sentences should run consecutively or concurrently to each other. (*See* Robinson Letter at 2.) While the court commends Robinson for his lack of disciplinary record, (*see* Suppl. PSR at 3), for the reasons discussed above, as

well as the section 3553(a) factors discussed below, it finds that consecutive sentences are more appropriate here.

### 2. BOP Program Statement and Section 3553(a) Factors

The court finds that designating a state facility for concurrent service of a federal sentence is inconsistent "with the intent of the federal sentencing court or the goals of the criminal justice system." *See* BOP Program Statement No. 5160.05(8). In particular, the court considers Robinson's criminal history and characteristics and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to afford adequate deterrence to criminal conduct. *See* 18 U.S.C. § 3553(a)(1)-(2); *see also Fernandez*, 2023 WL 8006268, at *5-6 (looking to section 3553(a) factors in determining the goals of the criminal justice system).

Robinson has a long criminal history that includes, in addition to his state offense, convictions for aggravated assault and possession of a weapon for unlawful purpose. (PSR ¶¶ 28-47). While his lack of disciplinary record in federal custody is a positive sign, (*see* Suppl. PSR at 3), his submission to this court does not include any information to convince the undersigned that he has shown extraordinary rehabilitation to overcome his prior history established by his criminal record. This is not the first time that Robinson fails to provide any evidence of rehabilitative efforts. (*See* Order Denying Compassionate Release at 9, 9 n.6 (rejecting Robinson's rehabilitation claim because "he does not provide a description of his specific rehabilitative efforts").) Similarly, Robinson's engagement in educational or vocational training is minimal. (Suppl. PSR at 3.)

Although the nature and circumstances of Robinson's federal offense are not violent like his state offense, he was "accountable for at least three kilograms of heroin and five kilograms of cocaine" according to his plea agreement. (PSR ¶ 12.) And

9

"distributing heroin is not a victimless crime." *See United States v. Martinez*, 3-CR-1049 (NGG), 2024 WL 3966291, at *10 (E.D.N.Y. Aug. 28, 2024). Thus, it is important that Robinson's federal sentence reflects the seriousness of his offense and promotes respect for the law. Retroactively designating Robinson's federal sentence to run concurrently with his state sentence will effectively result in almost no time served for his federal offense that is entirely distinct from his state offense. Such outcome does not afford adequate deterrence to Robinson's criminal conduct.

In sum, section 3553(a) factors weigh in favor of retroactively designating Robinson's federal sentence to run consecutively to his state sentence, which reflects the intent of the federal sentencing court and the goals of the criminal justice system.

### III. CONCLUSION

For the foregoing reasons, the court RECOMMENDS to the Federal Bureau of Prisons that 121 months of Robinson's federal sentence be retroactively designated to run consecutively to his state sentence. The Federal Bureau of Prisons should promptly review Robinson's request and consider the court's recommendation in exercising its discretion to grant or deny the request.

SO ORDERED.

Dated:   Brooklyn, New York
         October 15, 2024

                                        s/Nicholas G. Garaufis
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge