UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────────
UNITED STATES OF AMERICA,

        -against-

JOSHUA QUAZAIN ROBINSON,

                Defendant.
────────────────────────────────

**MEMORANDUM & ORDER**
**10-CR-789 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court is Defendant Joshua Quazain Robinson's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Federal Sentencing Guidelines (the "Guidelines" or "Sentencing Guidelines"). (*See* Mot. for Sentence Reduction ("Mot.") (Dkt. 216).) The Government opposes the motion. (*See* Government Opp. to Mot. ("Opp.") (Dkt. 218).) For the reasons set forth below, the court DENIES Robinson's motion.

## I. BACKGROUND

The court assumes the parties' familiarity with the facts of this case, discussed in detail in this court's previous orders denying Robinson's *pro se* motion for compassionate release, (*see* Mem. & Order Dated 11/14/2022 (Dkt. 200) at 1-3), and recommending to the Federal Bureau of Prisons that Robinson's federal sentence be retroactively designated to run consecutively to his state sentence, (*see* Mem. & Order Dated 10/16/2024 (Dkt. 214) at 1-3.) Nevertheless, the court sets forth a brief recitation of the salient facts.

On November 8, 2010, Robinson was arrested[1] for his role in an international drug trafficking organization. (Presentence Investigation Rep. ("PSR") (Dkt. 208) ¶ 12.)[2] In particular, Robinson was directly involved in purchasing heroin and cocaine for distribution. (*Id.* ¶ 13 ("Robinson is accountable for conservative amounts of 9 kilograms of cocaine and 3 kilograms of heroin.").) The operative indictment charged Robinson alongside two co-conspirators. (*See generally* Second Superseding Indictment ("S-2") (Dkt. 46).) The Second Superseding Indictment included the following counts: (i) Count One – Conspiracy to Import Heroin and Cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 963; and (ii) Count Two – Conspiracy to Distribute Heroin and Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846. (*Id.* ¶¶ 1-2.)[3] Robinson eventually entered a plea of guilty to the lesser-included offense within Count Two of the Second Superseding Indictment. (PSR ¶ 1; *see also* Change of Plea Hr'g (Dkt. 79).)

At Robinson's sentencing, the court found that he had a Total Offense Level of 31. (Statement of Reasons (Dkt. 115) at 1.) The court also found that Robinson had eight criminal history points, thereby placing him in Criminal History Category IV. (*Id.*; PSR ¶ 40.) These findings, coupled with Robinson's Total Offense Level of 31, resulted in an applicable Guidelines range of 151 to 188

---

[1] At the time of his arrest, Robinson was already in state custody for unrelated charges further discussed below. (*See* Mem. & Order Dated 10/16/2024 at 1-2 (summarizing state court proceedings).)

[2] The organization "operated in Jersey City, New Jersey; the New York metropolitan area; Houston, Texas; Mexico; and the Dominican Republic." (PSR ¶ 3.) It "used human couriers to transport drugs into the New York metropolitan area." (*Id.*)

[3] The charges against Robinson remained the same compared to the original indictment. (*Compare* Indictment (Dkt. 1) ¶¶ 1-2, *with* S-2 ¶¶ 1-2.)

months' imprisonment. (Statement of Reasons at 1.) Accordingly, on November 28, 2012, this court sentenced Robinson to 188 months' imprisonment. (Judgment (Dkt. 114) at 2.)[4]

In 2018, Robinson moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines. (*See* First Mot. for Sentence Reduction (Dkt. 176).) The Government agreed that Robinson was "eligible for a sentence reduction because Amendment 782 lowers [his] Guidelines range." (*See* Government's Resp. to First Mot. (Dkt. 180) at 3 ("[T]he defendant's total adjusted Guidelines offense level . . . is now 29 (down from 31). The defendant remains in Criminal History Category IV. Therefore, the defendant's amended Guidelines range is 121 to 151 months' imprisonment.").) This court granted Robinson's motion, reducing his sentence to 121 months' imprisonment. (Order Granting First Mot. for Sentence Reduction (Dkt. 187).)

Now, Robinson moves for a sentence reduction pursuant to Section 3582(c)(2) and Amendment 821, arguing that "a sentence of 108 months' imprisonment, the bottom of the newly reduced range, is appropriate." (Mot. at 1.) The Government contends that the factors set forth under 18 U.S.C. § 3553(a) "counsel strongly against a sentencing reduction given the seriousness of the defendant's conduct and his significant criminal history." (Opp. at 1.) Robinson's projected release date is July 8, 2026. (*See* Suppl. PSR (Dkt. 211) at 3.)

## II. LEGAL STANDARD

"A sentencing court may not modify a sentence once it has been imposed except under the limited conditions set forth in 18 U.S.C. § 3582." *Poindexter v. United States*, 556 F.3d 87, 89 (2d

---

[4] The court also imposed a five-year term of supervised release on Robinson upon his release from imprisonment. (Judgment at 3.)

Cir. 2009);[5] *see also* 18 U.S.C. § 3582(c)(2). As relevant here, Section 3582(c)(2) allows for a sentencing reduction where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[,]" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Courts undertake a two-part inquiry when considering a motion to reduce a sentence pursuant to Section 3582(c)(2):

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [the United States Sentencing Commission, Guidelines Manual ("U.S.S.G.")] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. . . . At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized . . . is warranted in whole or in part under the particular circumstances of the case.

*Dillon v. United States*, 560 U.S. 817, 827 (2010).

Therefore, "the district court must first determine the amended guideline range that would have been applicable to the defendant if the amendment had been in effect at the time the defendant was sentenced." *United States v. Baez*, No. 19-CR-463 (DLC), 2024 WL 1250583, at *1 (S.D.N.Y. Mar. 22, 2024). Only then will the court consider the Section 3553(a) factors and the relevant policy statements contained in U.S.S.G. § 1B1.10 to determine whether the court will exercise its discretion to reduce the defendant's sentence. *See id.* Additionally, the United States Sentencing Commission's policy statement provides that, with an

---

[5] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

4

exception not relevant here,[6] "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." U.S.S.G. § 1B1.10(b)(2)(A); *see also United States v. Perez*, No. 22-CR-122 (JMA) (AYS), 2024 WL 2293828, at *1 (E.D.N.Y. May 21, 2024) (explaining that "if a defendant was originally sentenced to a term of imprisonment that falls below the low end of the amended Guidelines range, that defendant is ineligible for a reduction under Section 3582(c)(2)"). Similarly, "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." U.S.S.G. § 1B1.10(b)(2)(C). Lastly, Section 1B1.10(a)(2) also provides that "a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2) if none of the amendments listed in subsection (d) . . . is applicable to the defendant." *United States v. Tejeda*, No. 11-CR-1015 (DC), 2024 WL 1676329, at *1 (S.D.N.Y. Apr. 18, 2024) (citing U.S.S.G. § 1B1.10(a)(2)(A)).

### III. DISCUSSION

#### A. Amendment 821

The court finds that Amendment 821 reduces Robinson's criminal history points from eight to six, resulting in a Criminal History Category of III, which, coupled with his Total Offense Level of 29, triggers a Guidelines range of 108 to 135 months' imprisonment.

Amendment 821 went into effect on November 1, 2023. It is one of the amendments covered by the policy statement under U.S.S.G. § 1B1.10(d) and applies retroactively. *See United States*

---

[6] *See* U.S.S.G. § 1B1.10(b)(2)(B) (describing a limited exception applicable only where the defendant provides substantial assistance to the government).

*v. Morel*, No. 11-CR-1032 (PAE), 2024 WL 4751270, at *6 (S.D.N.Y. Nov. 12, 2024) (citing 88 Fed. Reg. 60,534, 60,535 (Sept. 1, 2023)). Among other things, it modifies the calculation of criminal history points under the older version of U.S.S.G. § 4A1.1(d) (now U.S.S.G. § 4A1.1(e)) for defendants who committed the offense while under a criminal justice sentence, including parole. *See United States v. Burton*, No. 20-CR-397 (PGG), 2024 WL 4728491, at *1 (S.D.N.Y. Nov. 8, 2024) (explaining the impact of Amendment 821). Specifically, before Amendment 821 became effective, U.S.S.G. § 4A1.1(d) suggested that courts should "[a]dd **2** [criminal history] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d) (Nov. 1, 2021 ed.) (emphasis in original); *see also Burton*, 2024 WL 4728491, at *1 (same). Part A of Amendment 821, however, (i) struck subsection (d); (ii) redesigned the old subsection (e) as subsection (d); and (iii) inserted the following language at the end of the new subsection (e): "Add **1** [criminal history] point if the defendant (1) receives 7 or more [criminal history] points under subsections (a) through (d) [of Section 4A1.1], and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e) (Nov. 1, 2023 ed.) (emphasis in original). As such, and as relevant here, Section 4A1.1 no longer provides for the addition of 2 criminal history points for crimes committed while under any criminal justice sentence, including parole.

Here, the parties agree that Amendment 821 reduces Robinson's criminal history points to six, resulting in a Criminal History Category of III. (*See* Mot. at 3; *see also* Opp. at 4.) The United States Department of Probation (the "Probation Department") also suggests that Robinson is eligible for a sentence reduction because he is now in Criminal History Category III. (*See* Suppl. PSR at 3.)

The court agrees with the parties and the Probation Department. When this court originally sentenced Robinson to 188 months' imprisonment, as detailed in his PSR, Robinson accrued eight criminal history points, which put him in Criminal History Category IV. (*See* PSR ¶¶ 39-40.) At the time of his original sentencing, two of Robinson's eight criminal history points stemmed from the fact that he "committed the instant offense while under a criminal justice sentence, . . . [when Robinson] was on parole between February 22, 2007, and February 22, 2010." (*Id.* ¶ 39.) Now, Amendment 821 retroactively removes those two points, resulting in total criminal history points of six. That, in turn, moves Robinson down from Criminal History Category IV to Criminal History Category III. (*See generally* U.S.S.G., Sent'g Table.) It follows then that based on a Total Offense Level of 29 and a Criminal History Category of III, Robinson's new Guidelines range is 108 to 135 months' imprisonment. (*Id.*) Now, the court turns to the Section 3553(a) factors.

### B.  18 U.S.C. § 3553(a) Factors

The Section 3553(a) factors support this court's imposition of 121 months' imprisonment, which is within Robinson's new Guidelines range. When ruling on a sentence reduction motion made pursuant to Section 3582(c)(2), "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable[.]" 18 U.S.C. § 3582(c)(2). The relevant Section 3553(a) factors include: (i) the nature and circumstances of the offense; (ii) the history and characteristics of the defendant; (iii) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (iv) the need to adequately deter criminal conduct; (v) the need to protect the public from the defendant; (vi) the need to provide the defendant with necessary rehabilitation; and (vii) the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a);

*United States v. Russo*, 643 F. Supp. 3d 325, 335 (E.D.N.Y. 2022) (listing relevant Section 3553(a) factors). The court must "impose a sentence sufficient, but not greater than necessary" to comply with the purposes of Section 3553(a). 18 U.S.C. § 3553(a).

First, Robinson committed a serious crime. The court acknowledges that the nature and circumstances of Robinson's crime are not violent. But "distributing heroin is not a victimless crime" either. *See United States v. Martinez*, 3-CR-1049 (NGG), 2024 WL 3966291, at *10 (E.D.N.Y. Aug. 28, 2024) (reducing the defendant's sentence for other reasons while explaining why immediate release is not appropriate). Robinson's conviction stems from his role in an international drug trafficking organization, and he "is accountable for conservative amounts of 9 kilograms of cocaine and 3 kilograms of heroin." (PSR ¶¶ 12-13.) Thus, as this court previously made it clear, "it is important that Robinson's federal sentence reflects the seriousness of his offense and promotes respect for the law." (Mem. & Order Dated 10/16/2024 at 10.) Reducing Robinson's sentence would undermine the goals of sentencing.

Second, Robinson's history and characteristics also weigh against reducing his sentence. Robinson has a long criminal history that includes convictions for aggravated assault and possession of a weapon for an unlawful purpose. (PSR ¶¶ 28-47). Moreover, when Robinson entered a plea of guilty before this court, he was facing state charges of murder and resisting arrest in New Jersey Superior Court resulting from "a shootout in a crowded area of over 150 people by a waterfront walkway in Jersey City, New Jersey." (Mem. & Order Dated 10/16/2024 at 1-2; *see also* PSR ¶¶ 45, 53.) In that case, Robinson eventually entered a plea of guilty to an amended charge of second-degree manslaughter under N.J.S.A. § 2C:11-4(b)(2). *See State v. Robinson*, No. A-1135-

16T1, 2017 WL 5248413, at *1 (N.J. Super. Ct. App. Div. Nov. 13, 2017) (per curiam), *cert. denied*, 233 N.J. 293 (2018).[7]

Third, as this court previously made it clear, the court "commends Robinson for his lack of disciplinary record[.]" (Mem. & Order Dated 10/16/2024 at 8-9.) But Robinson's lack of disciplinary record is expected. And while "a court may consider post-conviction rehabilitation," such consideration does not require "a lesser sentence." *See United States v. Butler*, 501 F. App'x 8, 10 (2d Cir. 2012) (summary order); *see also United States v. Stephens*, 718 F. Supp. 3d 294, 297 (W.D.N.Y. 2024) (explaining that while the court *shall* consider the Section 3553(a) factors, it *may*—but does not have to—consider post-sentencing conduct pursuant to Application Note 1(B)(iii) to U.S.S.G. § 1B1.10). Here, although Robinson has completed some educational courses and vocational training while incarcerated, that does not convince the court that he has shown extraordinary rehabilitation sufficient to overcome his prior criminal history. Therefore, Robinson's post-conviction conduct does not tip the scales in favor of a sentencing reduction. (*See generally* Inmate Data & History (Dkt. 216-2).) *See cf. Martinez*, 2024 WL 3966291, at *8-9 (discussing the defendant's extensive rehabilitation, including the fact that he "completed nearly 50 educational and vocational courses, . . . maintained work assignments while incarcerated with 'good work reviews[,]' . . . [and was] elevated to head orderly of his housing unit").

Robinson argues that "[t]he modest thirteen month reduction is unlikely to affect the deterrent effect of the sentence." (Mot. at 4.) But this argument ignores that Robinson is already (i) benefitting from this court's prior order reducing his sentence from 188 months to 121 months, the bottom of his then-Guidelines range of 121 to 151 months; and (ii) serving a sentence within

---

[7] Robinson completed his ten-year state sentence on July 30, 2023. (Mem. & Order Dated 10/16/2024 at 3.)

9

his new Guidelines range of 108 to 135 months. Indeed, Robinson's current sentence of 121 months' imprisonment is closer to the lowest than the highest end of his new Guidelines range of 108 to 135 months. To that end, the court finds that 121 months' imprisonment affords adequate deterrence, both specific and general, and is sufficient but not greater than necessary to achieve the purposes set forth in Section 3553(a). Therefore, the Section 3553(a) factors weigh in favor of denying Robinson's motion for a sentence reduction.

## IV. CONCLUSION

The court concludes that pursuant to Amendment 821, Robinson's criminal history points are reduced from eight to six, thereby moving him from Criminal History Category IV to III. That, in turn, coupled with Robinson's Total Offense Level of 29, reduces Robinson's Guidelines range from 121 to 151 months to 108 to 135 months' imprisonment. However, pursuant to the Section 3553(a) factors, the court DENIES Robinson's motion for a sentence reduction.

SO ORDERED.

Dated:   Brooklyn, New York
         May 16, 2025

                                          s/Nicholas G. Garaufis
                                          _____
                                          NICHOLAS G. GARAUFIS
                                          United States District Judge

10